UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Nos.  7:07-CR-100-BR
7:11-CV-14-BR

DARIUS WILLIAMS,                    )
                                     )
        Petitioner,                  )
                                     )
            v.                       )          O R D E R
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )


This matter is before the court on the government's motion to dismiss petitioner's *pro se*

motion filed under 28 U.S.C. § 2255.  Petitioner filed a response in opposition to the

government's motion.

On 6 November 2007, petitioner pled guilty, pursuant to a plea agreement, to possession

with intent to distribute more than 5 grams of cocaine base (crack) in violation of 21 U.S.C.

841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On 17 March 2008, the court sentenced petitioner to a total term of 131 months imprisonment.

Petitioner did not appeal.

Petitioner filed the instant petition, with supporting documentation, on 17 January 2012.

On initial review of the petition, the court directed the United States Attorney to respond.  In

addition, because petitioner asserts challenges to his conviction based on the recent decision of

United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and pursuant to Standing

Order No.11-SO-3 (E.D.N.C. Oct. 18, 2011), the court appointed the Office of the Federal Public

Defender to represent petitioner.  The court allowed the Office of the Federal Public Defender to

withdraw from representation because counsel stated that he did not intend to file any motion on

petitioner's behalf. Accordingly, petitioner proceeds *pro se*.

Setting aside the issues of timeliness of the petition and whether petitioner waived the claims asserted in the petition in his plea agreement, the court finds that petitioner is not entitled to relief. The only habeas corpus claims that petitioner asserts are based on <u>Simmons</u>. (<u>See</u> Pet., DE # 58, at 4-5.) At issue in that case was whether a prior North Carolina conviction was for "an offense 'punishable by imprisonment for more than one year.'" <u>Simmons</u>, 649 F.3d at 239. The court held that an offense was punishable by a prison term exceeding one year only if the specific defendant had been eligible for such a sentence considering his criminal history and the nature of the offense. <u>Id.</u> at 243-44. Some of petitioner's prior convictions meet this definition.

Specifically, petitioner has two prior North Carolina convictions which qualify as offenses punishable by imprisonment for more than one year under <u>Simmons</u>. In 1999, petitioner was convicted of three counts of selling cocaine and three counts of delivering cocaine, which are Class G and H felonies, respectively. (Mem. Supp. Mot., Attach., DE # 66-1.) The counts were consolidated for judgment, and petitioner was sentenced to 15 to 18 months imprisonment, suspended. (<u>Id.</u>) In 2005, petitioner was convicted of selling cocaine and conspiracy to sell and deliver a Schedule II controlled substance, Class G and H felonies, respectively. (<u>Id.</u>, DE # 66-2.) Again, the counts were consolidated for judgment, and petitioner was sentenced to 13 to 16 months imprisonment, suspended. (<u>Id.</u>) Even though petitioner's sentence of imprisonment was suspended, the significant fact is that, for each conviction, he faced a maximum term of imprisonment in excess of one year. Thus, either of these convictions qualify as a predicate offense for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

2

Similarly, these same convictions support petitioner's sentence being enhanced as a career offender. Pursuant to U.S.S.G. § 4B1.1(a) (2007), to be deemed a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." "Prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, App. N. 1 (2007). For the reasons discussed previously, petitioner's 1999 and 2005 convictions are punishable by imprisonment for a term exceeding one year. They are also controlled substance offenses, and therefore, petitioner was properly sentenced as a career offender under U.S.S.G. § 4B1.1.

The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 25 April 2012.


_____
W. Earl Britt
Senior U.S. District Judge